UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STERLING JOHNSON,
   Plaintiff,

vs.                                                                No. 08-1195,

CHAD MCCOLLUM, et.al.,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the conference by telephone conference call.

The plaintiff, Sterling Johnson, has filed his lawsuit pursuant to 42 U.S.C. §1983 against five defendants: Peoria Police Officers Chad McCollum, Lawrence, Fillpot, Hill and the Peoria Police Department.

The plaintiff says he was arrested on March 26, 2006, pursuant to an arrest warrant. The plaintiff says Officer McCollum then asked the plaintiff's landlord for permission to search his apartment. The plaintiff alleges the defendants then conducted a search without a search warrant or probable cause in violation of the Fourth Amendment. The search somehow lead to the discovery of a safe that belonged to the plaintiff and was found at another location. The plaintiff says the safe contained cash, jewelry, coins and other belongings. During the hearing, the plaintiff says the items were not used in any criminal proceedings against him. The plaintiff says he was prosecuted only on an escape charge. The plaintiff also maintains that the items have not been returned to him.

The plaintiff is seeking damages for the violation of his Fourth Amendment rights, damages for value of the items in his safe and damages for "emotional mental pain and suffering from losing my apartment while in custody." (Comp., p. 6) Since the plaintiff did not suffer any physical injury as a result of his allegations, he is barred from recovering damages "for mental or emotional injury." 42 U.S.C. §1997e(e). Nonetheless, the plaintiff is claiming his apartment was illegally searched and his personal items illegally seized. The Fourth Amendment "protects the right of the people to secure in their persons, house, papers and effects, against unreasonable

1

searches and seizures." *United States v. Patterson,* 65 F.3d 68, 70 (7th Cir. 1995).   The court must assume the facts alleged in the complaint are true.  The plaintiff has stated a violation of his Fourth Amendment rights.

However, the plaintiff has failed to state a claim against the Peoria Police Department. A local governmental unit can be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. *Monell v. New York City Department of Social Services,* 436 US 658, 694(1978).  The plaintiff has failed to state a claim upon which relief can be granted against the Peoria Police Department.   The court will dismiss this defendant.

The plaintiff has also filed a motion for appointment of counsel. [d/e 3]   Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993)  Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007).  The plaintiff's motion makes no such representation. In addition, the plaintiff's Fourth Amendment claim is not complex.  The motion is denied.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Peoria Police Officers Chad McCollum, Lawrence, Fillpot and Hill violated the Fourth Amendment when they searched his apartment on March 26, 2006.   The claim is against the defendants in their individual capacities.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The Clerk of the Court is directed to dismiss Defendant Peoria Police Department for failure to state a claim upon which relief can be granted.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

2

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this <u>23rd D</u>ay of October,  2008.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE