UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STERLING JOHNSON,
   Plaintiff,

vs.                                        No. 08-1195,

CHAD McCOLLUM, et. al,
   Defendants

## DISMISSAL ORDER

      This cause is before the court for case management and consideration of the defendants motion to dismiss the complaint. [d/e 13]   Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim.  It is well established that pro se complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines,* 404 U.S. at 521.

      The pro se plaintiff filed his complaint pursuant to 42 U.S.C. §1983 on August 8, 2008.  The court conducted a merit review of the complaint on October 23, 2008 and found the plaintiff had adequately alleged that Defendants Chad McCollum, Brett Lawrence, Candice Fillpot and Ronald Hill violated the plaintiff's Fourth Amendment rights when they searched his apartment on March 26, 2006.

      The defendants argue that the plaintiff waited too long to file his complaint.  The plaintiff faces a two year statute of limitations period.  *See Wilson v Garcia*, 471 U.S. 261, 280 (1985); *see also Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).  This two year period begins at the time "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).   The defendants state that the plaintiff knew about the search of his apartment on March 26, 2006, and therefore should have filed his complaint on or before March 28, 2008.

      The plaintiff responds[1] that on March 28, 2006, two days after the search, an unidentified detective came to see the plaintiff in the jail to inform him about his belonging and "also asked me if I'd want to press charges for 'improper illegal search.'" (Plain. Resp.)  The plaintiff claims the detective told him there was still an on-going investigation and the plaintiff should hold off on any charges or "civil matters being filed." (Plain Resp.)

---

[1] The court notes that the response received by the court is a one page letter.

There are two main exceptions to the Statute of Limitations period:

First: When the plaintiff's injury initially seems trivial, and only later is discovered to be serious enough to warrant the expense of litigation, the date of accrual will be set at the later date. Second: If the defendants have "lulled" or attempted to discourage the victim from suing, "they may be estopped to plead the statute of limitations if the victim acts reasonably in light of the situation as it has been made to appear to him by the defendants." *Hatch v. Gilmore,* 1998 WL 255093 at 3 (7th Cir. May 15, 1998) *citing Goodhand v. United States*, 40 F.3d 209 (7th Cir.1994).

The plaintiff has not shown that the defendants should be estopped from pleading the statute of limitations period. The plaintiff has not identified who told him to hold off on filing a complaint. Nor does the plaintiff explain why he waited for more than two years, long after he had been criminally charged, to file this complaint. The plaintiff's claim is therefore barred by the statute of limitations period, and the defendants motion to dismiss the complaint is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion to dismiss the plaintiff's complaint is granted. [d/e 13]  This case is dismissed without prejudice pursuant to  28 U.S.C. §1915A because the plaintiff's claims are barred by the two year statute of limitations period. 28 U.S.C. §1915A.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)c.  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not**

**relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 20th day of July, 2009.

                                    s\Harold A. Baker
                _____
                                  HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE